*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF PUERTO RICO*

| | |
|---|---|
| *UNITED STATES* *PLAINTIFF* vs. *RICHARD PALMA* *DEFENDANT* | *CR. NO.: 10-313 (ADC)* |

### SENTENCING MEMORANDUM

> *"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."*
>
> *Gall v. United States, 128 S. Ct. 586, 598 (2007), quoting Koon v. United States, 518 U.S. 81,113 (1996).*

**TO THE HONORABLE COURT:**

   **COMES NOW**, the defendant, *Richard Palma*, through the undersigned attorneys and respectfully submit the following sentencing memorandum:

### INTRODUCTION

   *Richard Palma is* a 46 year old individual who resides in the State of New Jersey. He was involved in a counterfeit goods and money laundering scheme along with

other individuals, one of which was sentenced to a term of one (1) year probation. He was charged in the present indictment back on September 8, 2010. He has accepted responsibility for the offenses charged and is sincerely repentant for his actions. Mr. Palma was unaware of the extent of the penalties involved for his actions, although he should have been. He is a naturalized American citizen with no history of prior convictions or arrests. He comes from a strong family background. He is a hard working individual who has learned from his mistakes and has made a conscious and affirmative efforts to rectify them. Since his arrest he has been on bail and has complied with all of the terms and conditions of release imposed. His release has allowed him to structure his life working towards his rehabilitation for the offenses charged. He has demonstrated this factor through the legitimate development of his business. He has no history of drug or alcohol abuse, nor is he a threat to society.

*Richard Palma* entered into a plea agreement with the government with the aid of his attorney. Upon evaluating the imposition of a sentence that is sufficient but not greater than necessary in the case of Richard Palma, careful consideration should be given.

**GUIDELINE CALCULATIONS**

Pursuant to the provisions of Rule 11(e)(1)(A)and (B) of the Federal Rules of Criminal Procedure, *Mr. Palma* pled guilty pursuant to a plea agreement to Count 2 of the Indictment and accepted responsibility for money laundering establishing a base offense level of **8** (*Guideline section 2S1.1*). A 14 level increase was given since the amount of money involved was more than $400,000.00 to $1 million [*Guideline section 2B1.1(b)(H)*] and a 3 point reduction was made for his acceptance of responsibility pursuant to [3E1.1 (b)] which established a total offense level of **21**. The guideline imprisonment range for level 21 with a criminal history category of I is from 37 to 46 months. The parties had stipulated a recommendation for a sentence at the lower end of the criminal history guideline range and the reservation of the right by the defendant to request a variance based on the *Section 3553(a)* factors. The government reserved the right to oppose.

### OBJECTION TO CALCULATION AS REFLECTED IN THE PRE-SENTENCE REPORT

Pursuant to the plea agreement, Richard Palma was accountable for $400,000.00 to a million dollars as part of the money laundering count that he pled guilty to. The amount stipulated in the plea agreement did not exceed $1,000,000.00 and thus the applicable calculation is 14 as

opposed to 16 as applied in the Pre-sentence report.

**FACTORS IDENTIFIED FOR CONSIDERATION OF A VARIANCE AS DEPICTED IN PART F OF THE PRE-SENTENCE REPORT**

The history and characteristics of *Richard Palma* can be utilized to consider a variance in the sentence to be imposed pursuant to the factors found in section 3553(a) of Title 18.

Mr. Richard Palma is an individual that has become a source of income to a significant number of employees through his development of his company, Skytime and as such provides financial security to his family, his employees and their respective families. His incarceration will adversely affect the continued operation of this company, since he is the major element for its continued operation. he is not a threat to society and it is respectfully submitted that there are alternatives to incarceration in his particular case taking into consideration the sentencing factors. As reflected in the Pre-sentence report, there is no statutory minimum in the case of Mr. Palma and he is not a threat to society that necessitates him being locked away. He has shown immense signs of rehabilitation since his arrest in 2010 and has made attempts to cooperate with the government. Although he made a good faith effort to cooperate and provide the government

with information which was verified, it was considered at a level of significance because much of the information had already received by them.

It is respectfully submitted that there are sentencing alternatives available that will address the offense and his particular circumstances.

### SENTENCING FACTORS PURSUANT TO 18 U.S.C., SECTION 3553 (a)

Upon the imposition of sentence, the Court must consider the sentencing factors found in 18 USC, section 3553(a). Section 3553 (a) states that the factors set forth in this subsection should be taken into consideration in order to determine and *impose a sentence that is sufficient but not greater than necessary* to comply with the sentencing factors set forth in paragraph 2 of subsection 3553(a), those factors being:

The need for the sentence imposed

> *a) to reflect the seriousness of the offense , to promote respect for the law and to provide just punishment for the offense;*

*Richard Palma* understands the seriousness of the offense committed and whatever sentence imposed shall reflect the seriousness of the offense and will provide for a just punishment based on his acceptance of responsibility, individual background and post arrest

conduct. In this regard, the alternatives of probation, community service and any other types of programs or a alternatives will promote respect and provide for just punishment.

      b) *to afford adequate deterrence to criminal conduct;*

Any sentence imposed on Richard Palma will afford adequate deterrence to criminal conduct, considering his overall rehabilitation since the time of his arrest back in the year 2010. It is respectfully submitted that the time since his arrest has positively impacted him and served, along with the remainder of time and / or conditions that he will serve, as an adequate deterrence to criminal conduct.

      c) *to protect the public from further crimes of the defendant;*

As stated earlier, Richard Palma does not pose a threat to society and his post arrest conduct is evidence as to the public being protected from further crimes on the part of the defendant. Richard Palma has made positive adjustments by investing his time and effort in developing his business. As such, the public has been adequately protected from further crimes since 2010.

      d) *to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the*

*most effective manner;*

Mr. Palma completed his high school education back in 1986, in addition to having been involved in other programs and trainings and as reflected in the pre-sentence report, is presently involved in a program at Keiser University. In addition, his business experience constitutes vocational training that he can be credited as having.

Mr. Palmas has no prior criminal history or arrests. He has no significant medical conditions and has no history of substance or alcohol abuse. Correctional treatment can be effectively performed outside of a correctional facility in the case of Mr. Palma.

*e) the kinds of sentences available;*

Taking into consideration the charges brought in the indictment and the plea agreement, in addition to the fact that there is no statutory minimum term, this Court has the discretion to impose a sentence of probation to incarceration.

> *f) the kinds of sentence and sentencing range established set forth in the United States Sentencing Guidelines applicable to the defendant.*

The Court in its discretion has the authority to consider the kind of sentence and sentencing range in order to provide for an individualized sentence for Palma based

on the factors presented in the pre-sentence report and this sentencing memorandum ***that is sufficient but not greater than necessary to comply with the purposes of sentencing.*** This Court possesses the discretion to devise a sentence meets Richard Palma's individual circumstances.

The aforementioned factors are to be considered along with the nature and circumstances of the offense and the history and characteristics of the defendant as set forth in paragraph 1 of subsection 3553(a), which brings the Court to the following scenario.

Before Court is 46 year old individual who committed the error of involving himself in a counterfeit and money laundering scheme that he has accepted responsibility for and has demonstrated total remorse. He has learned from his mistake and since his arrest, has directed his efforts towards rehabilitating himself, breaking with the offense conduct and totally involving himself in the development of his own business without any type of infringement. He is the sole supporter of his family and carries the burden of support his four children. He is responsible for their schooling, college, home and utilities among other things, in addition to the love he provides to them.

Richard Palma is also the employer of approximately eight (8) employees through the company, Skytime, and has

been instrumental in assisting them in gaining financial stability. Reference should be made to the letters of recommendation submitted by his employees during the preparation of the Pre-Sentence Report. The incarceration of Mr. Palma will have the effect of closing the company since he is essential to the company's operation. This will have the detrimental effect on his employees, leaving them unemployed once he begins to serve his sentence. The aforementioned is a very significant factor and as previously mentioned, he is not a threat to society. It is for the aforementioned reasons, in addition to the fact that there are other alternatives to incarceration in the individual case of Mr. Richard Palma that a variance be considered.

Upon reviewing the factors set forth in paragraph 2 of subsection 3553(a), it is submitted to this Court that this is an atypical case and in its discretion impose a sentence that *is sufficient but not greater that necessary to comply with the purposes of sentencing* for *Mr. Richard Palma*.

**WHEREFORE,** submits this sentencing memorandum and prays that in the Court's discretion sentence him to a term of imprisonment that is sufficient but not greater than necessary to comply with the purposes of sentencing and rehabilitation.

In San Juan, Puerto Rico, dated this 21th day of April, 2014.

        S/ROBERT MILLAN
        ROBERT MILLAN, ESQ.
        USDCPR 202406
        CALLE SAN JOSE #250
        SAN JUAN, PR 00901
        TEL: (787) 725-0946
        FAX: (787) 725-0946
        *e-mail:*
        rmi3183180@aol.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 21, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: ***Martiza Gonzalez, AUSA***

        S/ROBERT MILLAN