IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>RICHARD PALMA<br>Defendant. | CRIMINAL NO. 10-313 (ADC) |

### UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through the undersigned attorneys and very respectfully states and prays as follows:

On April 22, 2014, Defendant Richard Palma filed a Sentencing Memorandum requesting the Court considered imposing a sentence of probation in the above captioned case.  Defendant Palma pled guilty to COUNT TWO of the Indictment, conspiracy to commit money laundering in violation of Title 18, United States Code , Section 1956(h) pursuant to a plea agreement.  The plea agreement established that the parties agreed to recommend a sentence at the lower end of the applicable guideline.  In addition to said recommendation, the government agreed that defendant reserved the right to request a departure under Title 18, United States Code, Section 3553(b),  and the government reserved the right to oppose the departure requested.

Consistent with the terms of the plea agreement the United States hereby opposes defendant's request for a variance that will result in the imposition of a sentence of probation, which falls outside the requirements of Title 18, United States Code, Section 3553(b).  The government therefore opposes defendant's request for variance based upon the following:

OFFENSE TO WHICH DEFENDANT PLEAD GUITLY

Defendant stands before the Court today guilty of transmitting and attempting to transmit monetary instruments, funds, that is wire transfers in U.S. Currency, from a place in the United States,

that is Puerto Rico, and New York, to a place outside the United States, that is, Hong Kong, with the intent to promote the carrying on of specified unlawful activity, that is, traffic and attempt to traffic counterfeit merchandise in violation of Title 18, United States Code Section, 2320(a). As such he is exposed to a term of imprisonment which shall not be more than twenty (20) years, a fine of not more than five-hundred thousand dollars ($500,000.00) or twice the value of the property involved in the transactions, a term of supervised of not more than three (3) years in addition to any term of incarceration, and the entry of a forfeiture money judgment of One Million Dollars, pursuant to Title 18, United States Code, Sections 1956(h).

At the time of the entry of the guilty plea the parties recognized that the Sentencing Guidelines are advisory pursuant to the decision issued on January 12, 2005, by the Supreme Court of the United States in the cases of United States v. Booker and United States v. Fan Fan, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Nevertheless, defendant Palma did acknowledge that the Court could impose a sentence in accordance with the advisory provision(s) of the Sentencing Guidelines, Title 18 United States Code, Section 3551, *et. seq.* (hereinafter Guidelines). Defendant also acknowledge that he did not qualify for a sentence of probation.

The plea agreement submitted in this case established that the following guidelines applied for purposes of calculating a sentence that would be consistent with the requirements established by statute at Title 18, United States Code, Section 3553:

| CALCULATION TABLE | |
|---|---|
| **COUNT TWO - Money Laundering** | |
| **BASE OFFENSE LEVEL Counterfeit Infringement § 2S1.1** | **+8** |
| **Amount of money involved in the offense § 2B1.1(b)(I)** <br> **More than $1 Million** | **16** |
| **Money Laundering Offense -Special Offense Characteristics 2S1.1(b)(2)(B)** | **+2** |
| **Acceptance of Responsibility [§ 3E1.1(b)]** | **-3** |
| **Imprisonment Range (in months) at Criminal History Category 'I'** <br> **(No Stipulation as to Defendant's Criminal History)** | **23 (46-57) months** |

The sentencing recommendation agreed upon by the parties was a term of imprisonment at the lower end of the applicable Criminal History category which, as the sentencing guideline calculation stated in the plea was 46 months.  The recommendation also included the entry of a forfeiture money judgment of One Million Dollars  and the forfeiture of counterfeit items seized at defendant's business location, all of which is not contested by defendant in his sentencing memorandum.

The United States hereby contests and opposes defendant's request for a variance which results in the sentence of straight  probation and which is clearly outside the requirements of Title 18, United States Code, Section 3553(b) listed in defendant's sentencing memorandum.

The United States respectfully submits that the sentencing guidelines calculation provided by the parties as part of the plea agreement position defendant Palma at Zone C of the Sentencing Table.  As such, pursuant to USSG Section 5C1.1,  the Court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to schedule ( e)  provided that half of minimum term is satisfied with imprisonment.  However, it does not provide for a straight probation sentence in this case.

Therefore, defendant Palma's request also falls outside USSG Section 5C1.1, which does not allow for a sentence of straight probation.  Consequently, the United States respectfully submits that the variance requested does not comply with either the requirements of Title 18, United States Code, Section 3553 nor with the advisory guidelines established for the offense committed and recommended by the parties as part of the plea agreement submitted.

DEFENDANT'S WILLINGESS TO COOPERATE

Defendant Palma states that he has been willing to cooperate.  The United States recognizes, acknowledges and commends defendant for his willingness and efforts to cooperate.  Defendant's acceptance of responsibility and repentance, together with his determination to provide assistance to the United States were considered at the time the proposed plea agreement was submitted to this Honorable Court.

Defendant makes reference to another defendant who was charged separately for violations committed as part of the same conspiracy he was accused of, presumably to persuade the Court to consider the sentence imposed in his case when imposing sentence in his case.  The United States respectfully requests that the Court considers the following as well: first, the referenced defendant plead to a different violation of law, trafficking in counterfeit goods, in violation of,  Title 18, United States Code, Section, 2320. Second, the circumstances of the referenced defendant are significantly different form the circumstances involved in his case.  The United States, in abundance of caution,

cannot name the defendant referenced by Palma, nevertheless, the government may provide the Court the case number and any other information the Court may need in order to properly compare both defendants for sentencing purposes.

CONCLUSION AND PRAYER

The United States respectfully opposes a sentence of straight probation in this case. The sentence proposed by defendant, by means of the requested variance, does not represent sentence sufficient to comply with the purposes set forth in paragraph (2) of subsection (a) at Title 18, United States Code, Section 3553. The money laundering offense to which defendant plead guilty involves a conspiracy to launder funds and promote the trafficking of counterfeit goods, which spanned from Puerto Rico, through New York all the way to China, affecting interstate and foreign commerce.

The United States further submits that the threat of counterfeiting and piracy affects the economy, jobs and consumer's rights. The proceeds of such violations were used in this case to further the trafficking of counterfeit goods, and consequently violate intellectual property rights protected by the laws of the United States.

Consequently, the United States respectfully submits that the sentence recommended by the parties as part of the plea agreement submitted is more consistent with the purposes established by Section 3553.

WHEREFORE, the United States respectfully requests that defendant Palma be sentenced at the lower end of the guideline proposed by the parties in the plea agreement recommended to the Court.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 25 day of April, 2014.

ROSA EMILIA RODRIGUEZ VELEZ
United States Attorney

*s/ M.González*
Maritza González-Rivera
U.S.D.C.P.R. - 208801
Assistant U.S. Attorney
Torre Chardón, Room 1201
350 Carlos Chardón Avenue
San Juan, PR 00918
Tel. (787) 766-5656
e-mail:maritza.gonzalez@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defendant's counsel.

In San Juan, Puerto Rico, this 25th of April 2014.

*s/ M. González*
Maritza González-Rivera
U.S.D.C.P.R. - 208801
Assistant U.S. Attorney